IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT KITHER RUSSELL,    )
           )
        Plaintiff,    )
           )
        v.    )    1:14CV736
           )
GUILFORD COUNTY    )
MUNICIPALITY,    )
           )
        Defendant(s).    )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action

pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*.

The form of the Complaint is such that serious flaws make it impossible to further process

the Complaint. The problems are:

1.    Plaintiff has not named proper defendants or given sufficient addresses for
them to be served. Plaintiff must name the entities who are actually
responsible for the alleged violations of his constitutional rights. Plaintiff
names only "Guilford County Municipality," an entity for which he provides
no address and against which he makes no allegations in his Complaint.

2.    Plaintiff does not state a proper claim for relief under § 1983. His entire
Complaint is an attack on his state court criminal conviction. Plaintiff is not
permitted to attack his conviction without first showing that the conviction has
been reversed on direct appeal, expunged by Executive Order, declared invalid
by a state tribunal, or, finally, called into question by a federal court through
the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477
(1994). Plaintiff fails to do so. Further, Plaintiff states that his conviction
occurred in 2005. The statute of limitations in this case is three years. See
Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983

actions, state statute of limitations for personal injury applies); <u>Brooks v. City of Winston Salem</u>, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury). A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which he "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). Given that Plaintiff's conviction occurred more than nine years ago, his Complaint is well out of time.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)). Also, to the extent that Plaintiff seeks to attack his conviction in this Court, the proper method for doing so is through a petition for habeas corpus filed under 28 U.S.C. § 2254. If he seeks to file an action attacking his conviction, he should seek the proper forms from the Clerk's Office and use them to file his habeas petition.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new action, on the proper forms, which corrects the defects cited above.

This, the 2nd day of September, 2014.


_____/s/ L. Patrick Auld_____
**L. Patrick Auld**
**United States Magistrate Judge**